IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-351 T

(Judge Christine O.C. Miller)

RIO VISTA CORPORATION,
JUAN CARDENAS AND GRACIELA CARDENAS

Plaintiffs

v.

THE UNITED STATES,

Defendant

MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Rule 12(e) of the Rules of the Court of Federal Claims ("RCFC"), the United States respectfully moves the Court for an order directing plaintiffs to make a more definite statement with respect to the allegations contained in the amended complaint. Plaintiffs omitted from the amended complaint special matters required by RCFC 9(h)(6). Plaintiffs' omission prevents the Government from determining whether this Court has jurisdiction over the amended complaint and responding substantively to the amended complaint. Accordingly, the United States is unable to, and cannot be reasonably required to, frame its responsive pleading.

STATEMENT OF FACTS

Plaintiffs filed an amended complaint in this action on November 7, 2007, adding Juan and Graciela Cardenas as plaintiffs.[1] Pursuant to the Court's order of October 5, 2007, the United States' response to the amended complaint is due on November 30, 2007. The amended complaint alleges (Amend. Compl.¶ 6) that this is a suit for the refund/abatement of "Form 943 employment taxes." Plaintiffs also allege (*id.* at ¶ 8) that this suit involves the refund/abatement of penalties assessed pursuant to 26 U.S.C. § 6672. [2]

Plaintiffs' amended complaint fails to include the amount, date, and place of each payment to be refunded to plaintiffs Juan and Graciela Cardenas. The amended complaint does not set forth the tax periods for which Juan and Graciela Cardenas seek a refund. It does not provide the date and place where Juan and Graciela Cardenas filed refund claims. Also, plaintiffs did not attach a copy of an administrative claim for refund for Juan and Graciela Cardenas to their amended complaint.

---

[1] Plaintiffs' original complaint was filed on June 4, 2007.

[2] In discussing the § 6672 determinations (Amend. Compl.¶ 2) plaintiffs refer to Exhibit 1 which is a copy of the original complaint filed in this action. The original complaint does not include any allegations with respect Juan and Graciela Cardenas' liability for penalties under § 6672.

ARGUMENT

A MOTION FOR MORE DEFINITE STATEMENT UNDER RCFC 12(e) IS APPROPRIATE IN THIS CASE, BECAUSE THE AMENDED COMPLAINT FAILS TO CONTAIN INFORMATION REQUIRED FOR TAX REFUND SUITS PURSUANT TO RCFC 9(h)(6)

A. Deficiencies in the amended complaint.

This Court's Rules treat certain pleading matters as "special" and require that additional information pertaining to them be included in a complaint. *See* RCFC 9(h) which provides (emphasis added):

> (h) Special Matters *Required* in Complaint. The Complaint *shall* include:
>
> . . . .
>
> (6) Tax Refund Suits. In any action for refund of federal tax, *for each tax year or period for which a refund is sought, the amount, date, and place of each payment to be refunded*; the date and place the return, if any, was filed; the name, address, and identification number of the taxpayer or taxpayers appearing on the tax return; *the date and place the claim for refund was filed*; and the identification number for each plaintiff, if different from the identification number of the taxpayer. A copy of the claim for refund *shall* be annexed to the complaint.

As discussed below, the amended complaint in this action fails to include the basic information required by RCFC 9(h)(6). The requirements set forth in RCFC 9(h) assist in the analysis defendant is required to perform under 28 U.S.C. § 520 ("In suits against the United States in the United States Court of Federal Claims . . . the Attorney General shall send to the department . . . a printed copy of the petition filed by the claimant, with a request that the department . . . furnish to the Attorney General all facts, circumstances, and evidence concerning the claim in the possession or knowledge of the department.") Among other uses, the information required allows the United States to verify that the jurisdictional requirements for the suit have been meet. Plaintiffs omission of this critical information required by RCFC 9(h)

prevents the United States from framing a responsive pleading. [3] In addition, the allegations in the amended complaint in this action are so vague and ambiguous that they hinder the United States' ability to properly respond to the pleading. *See* RCFC 12(e). [4]

At this point, it would be premature to request the Court to employ a harsh sanction such as dismissal of the challenged pleading or striking the deficient allegations. The motion for more definite statement filed by the United States is a more appropriate means for urging a party to comply with the requirements of Rule 9. In this motion, the United States merely seeks to be given information that it needs to respond to the amended complaint, which information the Court, through its rules already requires the plaintiffs to provide. See RCFC 9(h). [5]

---

[3] "[M]any federal courts have said [that] motions for a more definite statement under Rule 12(e) are not to be used as a means of securing discovery." 5C Wright & Miller, *Federal Practice & Procedure* 3d. § 1376 at 320 (2004). Nevertheless,"[i]f details are necessary in order to make a vague complaint intelligible, the fact that the details also are subject to the discovery process should not preclude their production under Rule 12 (e)." *Id*. at 325. The United States accordingly limits this request for more definite statement to that information already required by the Court's rules *and* necessary to prepare a responsive pleading.

[4] RCFC 12(e) provides that "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

[5] *See Lewis v. United States*, 31 Fed. Cl. 607, 608-09 (1994), *aff'd*., 59 F.3d 181 (Fed. Cir. 1995) (Government's motion for more definite statement granted when plaintiff failed to include information in her complaint required for tax refund suits pursuant to RCFC 9(h)(6)); *BMY-Combat Sys. Div. of Harsco Corp. v. United States*, 26 Cl. Ct. 846, 850 (1992) (motion for a more definite statement granted where government failed to plead the particularities of a charge of fraud); *see also*, 5C Wright & Miller, *Federal Practice & Procedure* 3d §1376 at 330-331 (2004) ("Even though Rule 9 [Federal Rules of Civil Procedure] itself contains no mechanism for enforcing its terms, numerous cases make it clear that the common practice has been to use a motion under Rule 12(e) for that purpose.")

B. Requested Relief

As set forth above, pursuant to RCFC 12(e), plaintiffs should be ordered to file a more definite statement containing the information required by RCFC 9(h), as follows:

1. Identification of the amount, date, and place of each payment to be refunded to plaintiffs Juan and Graciela Cardenas (*see* RCFC 9(h)(6));

2. Identification of the date and place where plaintiffs Juan and Graciela Cardenas filed each claim for refund (*ibid.)*; and

3. A copy of each claim for refund filed by plaintiffs Juan and Graciela Cardenas (*ibid*.)

WHEREFORE, defendant requests that its motion be granted.

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/David Gustafson
Of Counsel

November 30, 2007