MARTIN A. SCHAINBAUM, Esq.
Martin A. Schainbaum, A Professional Law Corporation
351 California Street, Suite 800
San Francisco, CA 94104-2406
Telephone: (415) 777-1040
Fax: (415) 981-1065
E-mail: schainbm@taxwarrior.com

Attorneys for Plaintiffs
Rio Vista Corporation,
Juan Cardenas, and Graciela Cardenas

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RIO VISTA CORPORATION, JUAN CARDENAS AND GRACIELA CARDENAS, | No. 07-351 T |
| Plaintiffs | Judge Christine O.C. Miller |
| v. | PLAINTIFFS' OPPOSITION TO MOTION FOR MORE DEFINITE STATEMENT |
| THE UNITED STATES, | |
| Defendant | |

INTRODUCTION

On November 30, 2007, Defendant filed a Motion for More Definite Statement. Pursuant to the Court's order, Plaintiffs' response to this motion is due on December 17, 2007. Plaintiffs' response is as follows.

STATEMENT OF FACTS

At all times relevant to this lawsuit, Plaintiffs made regular payments of payroll taxes through a bookkeeping service at Wells Fargo Bank. Plaintiffs first learned that

Defendant's Internal Revenue Service had not received all of Plaintiffs' tax payments when an IRS collection agent came to Plaintiffs' place of business in early 2004. Prior correspondence from Defendant's Internal Revenue Service, if any, was received by the bookkeeping service who failed to inform Plaintiffs. Plaintiffs terminated their use of the bookkeeping service and have attempted to ascertain to whom Wells Fargo Bank diverted the tax payments in question. In a gesture of good faith, Plaintiffs have entered into successive installment agreements with Defendant's Internal Revenue Service to pay again their tax liabilities. Since August 2005, Plaintiffs have made payments under protest, in accordance with said installment agreements, totaling at least $192,000.

On or about September 1, 2006, Plaintiff Rio Vista Corporation submitted Forms 843, Claim for Refund and Request for Abatement (attached to original complaint). After waiting the statutorily required six months to receive a refund payment from Defendant's Internal Revenue Service for these erroneously asserted additional tax liabilities Plaintiffs filed a complaint in this action on June 4, 2007, attached to amended complaint..

On September 25, 2007, after the original complaint was filed in this action, the Defendant's Internal Revenue Service wrongfully issued a levy action against Plaintiffs pursuant to 26 U.S.C. § 6672, the "responsible officer penalty," while this action was pending and during the pendency of an installment agreement entered into between the parties. Plaintiffs then filed an amended complaint on November 7, 2007, attached as Exhibit 1, adding Juan and Graciela Cardenas as plaintiffs and requesting the additional refund/abatement of these penalties assessed through the levy action.

This additional request for relief for plaintiffs Juan and Graciela Cardenas involves payments relating to the same underlying tax liability set forth in the original complaint, which payments were collected through improper levy action by Defendant's Internal Revenue Service, represented by attached Exhibits 2-5. Consequently, Defendant's Internal Revenue Service is in possession of all the necessary and definite information. Accordingly, Plaintiffs do not need to provide Defendant with any additional information. While Plaintiffs do not need to file an additional claim for refund because they have already filed such a claim for the underlying tax liability, Plaintiffs anticipate filing forthwith another refund claim as a protective measure, a draft of which is attached as Exhibit 6.

The underlying dispute between Plaintiffs and Defendant's Internal Revenue Service over the crediting of Plaintiffs' tax payments is the subject of the current pending litigation. While Plaintiffs and Defendant disagree as to the proper crediting of the tax payments, there is no evidence that the primary taxpayers, Rio Vista Corporation and J. Cardenas & Sons Farming, Inc., have refused to pay their tax liabilities. On the contrary, there is evidence that the aforementioned primary taxpayers consistently made tax payments pursuant to installment agreements.

## ARGUMENT

### I. DEFENDANT'S INTERNAL REVENUE SERVICE WRONGFULLY COMMENCED A LEVY ACTION AGAINST PLAINTIFFS AND APPROPRIATED PLAINTIFFS FUNDS PURSUANT TO THAT LEVY ACTION.

#### A. The "Responsible Officer Penalty" Does Not Apply to Plaintiffs Because There is No Evidence that the Primary Taxpayer Has Refused to Pay Owed Tax Liabilities.

The Internal Revenue Laws of the United States provide that

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).

This so-called "responsible officer penalty" only applies when the primary taxpayer both fails to fulfill his/her tax obligations and does so "willfully." However, Plaintiffs not only complied initially by making regular tax payments at Wells Fargo Bank, but also by making tax payments according to the installment agreements they entered into with Defendant's Internal Revenue Service. In addition, any perceived failure to pay tax by Plaintiffs was at most negligent because Plaintiffs hired a bookkeeping service to transmit tax payments and Plaintiffs signed regular tax payment checks with the belief that they were fulfilling their tax obligations.

B. Defendant's Internal Revenue Service is Prohibited from Making a Levy During the Pendency of the Current Pending Litigation.

Section 6331(i) of the Internal Revenue Code of the United States, in what seems to be anticipation of the current scenario involving Plaintiffs and Defendant's Internal Revenue Service, provides that

> No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid divisible tax *during the pendency of any proceeding* brought by such person in a proper Federal trial court for the recovery of any portion of such divisible tax which was paid by such person if -
> (A) the decision in such proceeding would be res judicata with respect to such unpaid tax; or
> (B) such person would be collaterally estopped from contesting such unpaid tax by reason of such proceeding.

26 U.S.C. § 6331(i)(1) (emphasis added).

As noted above, Plaintiffs have commenced litigation against Defendant, and the decision in this litigation will be res judicata with respect to the disputed tax payments. Therefore, the collection against Plaintiffs was improper pursuant to section 6331(i), which clearly precludes collection activity by Defendant during while these proceedings for refund of divisible tax are pending.

C. Defendant's Internal Revenue Service is Prohibited from Making a Levy While the Installment Agreement is In Effect.

To avoid improper collection activity, such as occurred against Plaintiffs, section 6331(k) of the Internal Revenue Code of the United States provides that

> No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid tax -
> (A) during the period that an offer by such person for an installment agreement under section 6159 for payment of such unpaid tax is pending with the Secretary;
> (B) if such offer is rejected by the Secretary, during the 30 days thereafter (and, if an appeal of such rejection is filed within such 30 days, during the period that such appeal is pending);
> (C) *during the period that such an installment agreement for payment of such unpaid tax is in effect*; and
> (D) if such agreement is terminated by the Secretary, during the 30 days thereafter (and, if an appeal of such termination is filed within such 30 days, during the period that such appeal is pending).

26 U.S.C. § 6331(k)(2) (emphasis added).

Plaintiffs have made at least $192,000 worth of tax payments pursuant to successive installment agreements with Defendant's Internal Revenue Service, and one such installment agreement is currently in effect. Plaintiffs, in fact, have continued to make payments on this installment agreement since it was negotiated.

II. THE NOTICE OF LEVY RECEIVED BY PLAINTIFFS SATISFIES THE REQUIREMENTS OF THE RULES OF THE COURT OF FEDERAL CLAIMS.

Defendant's Motion for More Definite Statement requests that this Court issue an order directing Plaintiffs to make a more definite statement with respect to the allegations contained in the amended complaint, specifically the special matters required in the complaint of a tax refund suit under the Rules of Court of Federal Claims, Rule 9(h)(6).

Plaintiffs original complaint, which was incorporated by reference in the amended complaint, sets forth the amount, date, and place of each payment to be refunded to Plaintiff Rio Vista Corporation; and the date and place the claim for refund was filed, as required by Rule 9(h)(6). The payments made by Plaintiffs Juan and Graciela Cardenas and to be refunded to them were made pursuant to improper levies and other collection activity for penalties assessed against them under 26 U.S.C. § 6672, as discussed above. These payments are for the tax liabilities already under dispute in the current litigation and were improperly assessed against Plaintiffs Juan and Graciela Cardenas. The attached Notice of Levy and letters to Plaintiffs from Wells Fargo Bank indicate the amount, date, and place of each of these payments to be refunded. The additional protective Claim of Refund to be forthwith filed with Defendant's Internal Revenue Service has also been attached requesting a refund of tax payments wrongfully levied upon Plaintiffs by Defendant's Internal Revenue Service, contrary to 26 U.S.C §§ 6331(i)(1) and 6331(k)(2), during the pendency of this action and while an installment agreement is currently operative.

CONCLUSION

It follows from the above discussion that Defendant's motion should be denied. This Court should accordingly notify Defendant's Internal Revenue Service that it must cease all collection activity relating to the subject tax in this case until the pending litigation concludes and there is a determination whether there is any additional tax liabiilty. (Cf. 26 U.S.C. § 7433).

Respectfully submitted,

MARTIN A. SCHAINBAUM
A Professional Law Corporation

s/ Martin A. Schainbaum
MARTIN A. SCHAINBAUM, Esq.

Dated: December 14, 2007