IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-351 T

(Judge Christine O.C. Miller)

RIO VISTA CORPORATION,
JUAN CARDENAS AND GRACIELA CARDENAS,

Plaintiffs

v.

THE UNITED STATES,

Defendant

REPLY OF THE UNITED STATES IN SUPPORT OF ITS MOTION FOR MORE DEFINITE STATEMENT

Plaintiffs filed an amended complaint in this action on November 7, 2007, adding Juan and Graciela Cardenas as plaintiffs.[1] The amended complaint alleges (Amend. Compl.¶ 8) that this suit involves the refund/abatement of penalties assessed pursuant to 26 U.S.C. § 6672. Because the amended complaint failed to allege critical jurisdictional facts-such as the payment of any penalty, and the filing of an administrative claim for refund-the United States moved the Court to order plaintiffs to file a more definite statement that alleged the special matters required by RCFC 9(h)(6). Plaintiffs have opposed the motion for a more definite statement by arguing

[1] Plaintiffs' original complaint was filed on June 4, 2007.

the merits of their position as to the § 6672 penalty, but have not provided the information required by Rule 9(h)(6). The United States hereby replies.

STATEMENT OF FACTS

On November 20, 2007, the United States filed its Motion For More Definite Statement ("motion"), which requested that plaintiffs be ordered to provide the following information required by Rule 9(h)(6):

1. Identification of the amount, date, and place of each payment to be refunded to plaintiffs Juan and Graciela Cardenas;

2. Identification of the date and place where plaintiffs Juan and Graciela Cardenas filed each claim for refund; and

3. A copy of each claim for refund filed by plaintiffs Juan and Graciela Cardenas.

On December 14, 2007, plaintiffs filed Plaintiffs' Opposition to Motion For More Definite Statement ("opposition.") Plaintiffs contend (at p. 3) that they "do not need to provide Defendant with any additional information." Plaintiffs' argue (*ibid*.) that "While Plaintiffs do not need to file an additional claim for refund because they have already filed such a claim for the underlying tax liability, plaintiffs anticipate filing . . . another refund claim as a protective measure, a draft of which is attached as Exhibit 6." Plaintiffs attached, as Exhibit 6 to the opposition, an unsigned draft claim for refund for Juan and Graciela Cardenas for the tax period September 1, 2007, to September 30, 2007. The unsigned draft claim for refund for Juan and Graciela Cardenas is not referred to in the amended complaint filed in this action.

Plaintiffs also argue (at p. 5) that a Notice of Levy and related correspondence, attached to the opposition as Exhibits 2-5, satisfy the requirements of Rule 9(h)(6). The Notice of Levy

and the related correspondence are neither referred to nor are they attached to the amended complaint filed in this action.

PLAINTIFFS' AMENDED COMPLAINT FAILS TO COMPLY
WITH THE REQUIREMENTS OF RULE 9(h)(6)

As set forth in the motion filed by the United States (at p. 3) this Court's Rules treat certain pleading matters as "special" and require that additional information pertaining to them be included in a complaint. The amended complaint in this action fails to include the basic information required by Rule 9(h)(6) with respect to Juan and Graciela Cardenas, including evidence that they filed a claim for refund--an indispensable prerequisite to this Court's jurisdiction under § 7422(a). Plaintiffs' failure to provide the information required by Rule 9(h)(6) leaves the United States without essential information necessary to properly evaluate whether the Court has jurisdiction over the amended complaint and to respond substantively to the amended complaint.

Plaintiffs seem to contend (at pp. 2-3) that the claims for refund filed by the corporate plaintiff in this action with respect to the employer's employment tax liabilities also satisfy the jurisdictional requirement that a refund claim be filed by Juan and Graciela Cardenas before filing suit. This assertion is wrong as a matter of law. An employer's employment tax liability arises pursuant to I.R.C. §§ 3101-3102 and 3401-3403, *i.e.*, an employer is required to withhold social security and federal income taxes from the wages of its employees. I.R.C. § 6672(a)[2]

---

[2] I.R.C. § 6672(a) provides in part:

> (a) General Rule.--Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other

imposes personal liability upon those individuals who are responsible for a corporation's failure to pay the taxes owed. *See White v. United States*, 178 Ct. Cl. 765, 771, 372 F.2d 513, 516 (1967); *accord Godfrey v. United States*, 748 F.2d 1568, 1575 (Fed. Cir. 1984).[3] The courts have used the phrase "responsible person" to identify those corporate officials liable for § 6672 penalties. *See Slodov v. United States*, 436 U.S. 238, 246 n.7 (1978); *Farris v. United States*, 4 Cl. Ct. 633, 635-36 (1984). The determination of a taxpayer's status as a "responsible person" is dependant upon the facts and circumstances of each case. *See Godfrey*, 748 F.2d at 1575.

The liability imposed under § 6672 is separate and distinct from the liability imposed on the employer under §§ 3102 and 3402. *See United States v. Huckabee Auto Co.*,783 F.2d 1546, 1549 (11th Cir. 1986); *Howard v. United States,* 711 F.2d 729, 733 (5th Cir. 1983); *Moore v. United States*, 465 F.2d 514, 517 (5th Cir. 1972), *cert. denied*, 409 U.S. 1108 (1973).

Through the mechanism of § 6672, the Government can collect 100 percent of an employer's delinquent taxes from those persons who are responsible for the corporations failure to pay the taxes owed. *See Huckabee*, 783 F.2d at 1549. However, the assessment of the § 6672 liability is separate from the employer's original tax liability. (*Ibid*.) Because the employer's employment tax liability is separate and distinct from a responsible person's liability under § 6672, plaintiffs' attempt (at pp. 2-3) to offer claims for refund filed on behalf of the employer as claims for refund for Juan and Garciela Cardenas should be rejected.

---

> penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

[3] *See also Feist v. United States*, 221 Ct. Cl. 531, 607 F.2d 954 (1979); *Bolding v. United States*, 215 Ct. Cl. 148, 565 F.2d 663 (1977); *Burack v. United States*, 198 Ct. Cl. 855, 461 F.2d 1282 (1972); *Scott v. United States,* 173 Ct. Cl. 650, 354 F.2d 292 (1965).

Plaintiffs' assertion (at pp. 3-5) of substantive issues in their opposition is misplaced and premature. These substantive issues would be properly brought before the Court only after a determination has been made with respect to the Court's jurisdiction over the amended complaint.

WHEREFORE, defendant requests that its motion be granted.

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/David Gustafson
Of Counsel

January 11, 2008